

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

| | |
|---|---|
| *Robert C. Byrd United States Courthouse*<br>*300 Virginia Street, East*<br>*Suite 4000*<br>*Charleston, WV 25301*<br>*1-800-659-8726* | *Mailing Address*<br>*Post Office Box 1713*<br>*Charleston, WV 25326*<br>*304-345-2200*<br>*FAX: 304-347-5104* |

January 18, 2018



Timothy J. LaFon
Ciccarello, Del Giudice & LaFon
1219 Virginia Street East
Suite 100
Charleston, WV 25301

Re:  United States v. David Wayne Young
     Criminal No. 2:17-cr-00083 (USDC SDWV)

Dear Mr. LaFon:

This will confirm our conversations with regard to your client, David Wayne Young (hereinafter "Mr. Young"). As a result of these conversations, it is agreed by and between the United States and Mr. Young as follows:

1.  **PENDING CHARGES.** Mr. Young is charged in six counts of a twelve-count superseding indictment as follows:

(a)  Count Two charges Mr. Young with a violation of 18 U.S.C. §§ 1591(a) and 1594 (conspiracy to engage in sex trafficking of a minor);

(b)  Count Three charges Mr. Young with a violation of 18 U.S.C. § 1591(a) (sex trafficking of a minor);

(c)  Count Five charges Mr. Young with a violation of 18 U.S.C. § 2422(b) (attempted enticement of a minor);

(d)  Count Seven charges Mr. Young with a violation of 18 U.S.C. §§ 2251(a) and (e) (conspiracy to produce child pornography);

_____
Defendant's
Initials

Timothy J. LaFon
January 18, 2018                        Re: David Wayne Young
Page 2


    (e)   Count Nine charges Mr. Young with a violation of 18
        U.S.C. §§ 2251(d)(1)(A) and (2)(B) and 2251(e)
        (advertisement of child pornography); and

    (f)   Count Ten charges Mr. Young with a violation of 18 U.S.C.
        § 2252A(a)(2) (distribution of child pornography).

    2.  **RESOLUTION OF CHARGES.**  Mr. Young will plead guilty to
a Count Three of said superseding indictment, which charges him
with a violation of 18 U.S.C. §§ 1591(a) (sex trafficking of a
minor). Following final disposition, the United States will move
the Court to dismiss Counts Two, Five, Seven, Nine, and Ten in
Criminal No. 2:17-cr-00083 as to Mr. Young.

    3.  **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which
Mr. Young will be exposed by virtue of this guilty plea is as
follows:

    (a)   Imprisonment for a period of at least 15 years and up to
        life;

    (b)   A fine of $250,000, or twice the gross pecuniary gain or
        twice the gross pecuniary loss resulting from
        defendant's conduct, whichever is greater;

    (c)   A term of supervised release of at least 5 years and up
        to life;

    (d)   A mandatory special assessment of $100 pursuant to 18
        U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014
        for offenses under Chapters 77, 109A, 110, 117 of Title
        18, and 8 U.S.C. § 1324, where offense was committed on
        or after May 29, 2015 through September 30, 2019; and

    (e)   An order of restitution pursuant to 18 U.S.C. §§ 2259,
        3663A, and 3664, or as otherwise set forth in this plea
        agreement.

Defendant's
Initials

Timothy J. LaFon
January 18, 2018                    Re: David Wayne Young
Page 3


4.   **SPECIAL ASSESSMENT.** Mr. Young has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Young agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5.   **ABANDONMENT OF PROPERTY.** Mr. Young hereby agrees to release, relinquish, waive or abandon to the United States or to the Commonwealth of Kentucky any and all right, title and interest she may have in certain items seized from him, that is, one Apple iPhone 5s cell phone in a black case, which was seized from him by the Boyd County Sheriff's Department at the time of his arrest on March 21, 2017, and one black Dell computer tower, serial number JPNNTJ1, which was voluntarily surrendered to law enforcement by Mr. Young's wife. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to law.

6.   **PAYMENT OF MONETARY PENALTIES.** Mr. Young agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Young further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

7.   **COOPERATION.** Mr. Young will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon

_____
Defendant's
Initials

Timothy J. LaFon
January 18, 2018                    Re: David Wayne Young
Page 4


request of the United States.  In complying with this provision,
Mr. Young may have counsel present except when appearing before a
grand jury.

     8.   **USE IMMUNITY.**  Unless this agreement becomes void due
to a violation of any of its terms by Mr. Young, and except as
expressly provided for in paragraph 10 below, nothing contained in
any statement or testimony provided by him pursuant to this
agreement, or any evidence developed therefrom, will be used
against him, directly or indirectly, in any further criminal
prosecutions or in determining the applicable guideline range
under the Federal Sentencing Guidelines.

     9.   **LIMITATIONS ON IMMUNITY.**  Nothing contained in this
agreement restricts the use of information obtained by the United
States from an independent, legitimate source, separate and apart
from any information and testimony provided pursuant to this
agreement, in determining the applicable guideline range or in
prosecuting Mr. Young for any violations of federal or state laws.
The United States reserves the right to prosecute Mr. Young for
perjury or false statement if such a situation should occur
pursuant to this agreement.

     10.  **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**
The United States and Mr. Young stipulate and agree that the facts
comprising the offense of conviction and relevant conduct include
the facts outlined in the "Stipulation of Facts," a copy of which
is attached hereto as "Plea Agreement Exhibit A."


     Mr. Young agrees that if he withdraws from this agreement, or
this agreement is voided as a result of a breach of its terms by
him, and he is subsequently tried for his conduct alleged in the
superseding indictment and other relevant conduct, as more
specifically described in the Stipulation of Facts, the United
States may use and introduce the Stipulation of Facts in the United
States case-in-chief, in cross-examination of Mr. Young or of any
of his witnesses, or in rebuttal of any testimony introduced by
him or on his behalf. Mr. Young knowingly and voluntarily waives,

                                   _____
                                   Defendant's
                                   Initials

Timothy J. LaFon
January 18, 2018                     Re: David Wayne Young
Page 5


see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts.  If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Young understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Young agree that the following provisions of the United States Sentencing Guidelines apply to this case.

<u>USSG §2G1.3</u>

Cross Reference to §2G2.1 per §2G1.3(c)(1)

<u>USSG §2G2.1</u>

| | |
|---|---|
| Base Offense Level | 32 |
| Minor Age 12-16 | + 2 |
| Distribution | + 2 |
| Parent/Guardian | + 2 |
| Use of Computer | + 2 |

<u>USSG §3D1.4</u>

| | |
|---|---|
| Two Units | + 2 |

_____
Defendant's
Initials

Timothy J. LaFon
January 18, 2018                    Re: David Wayne Young
Page 6

USSG §4B1.5

Pattern of Prohibited Sexual Conduct        + 5

Adjusted Offense Level                      47

The United States and Mr. Young acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The United States and Mr. Young knowingly and voluntarily waive their rights to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, except:

The defendant may appeal:

(a)   a sentence that exceeds the maximum penalty prescribed by statute, and

(b)   a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make an "upward departure" or "upward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

The United State may appeal:

(a)   a sentence that is below the minimum penalty, if any, prescribed by statute, and

_____
Defendant's
Initials

Timothy J. LaFon
January 18, 2018                        Re: David Wayne Young
Page 7

    (b)   a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make a "downward departure" or "downward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

Mr. Young also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Young knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14.  **SEX OFFENDER REGISTRATION REQUIREMENT.**  Mr. Young understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Young understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Young further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Young understands that failure to comply with these obligations subjects him to prosecution for

_____
Defendant's
Initials

Timothy J. LaFon
January 18, 2018                    Re: David Wayne Young
Page 8


failure to register under federal law, 18 U.S.C. § 2250, which is
punishable by a fine or imprisonment, or both.

15. **FINAL DISPOSITION.** The matter of sentencing is within
the sole discretion of the Court. The United States has made no
representations or promises as to a specific sentence.  The United
States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant
facts and conduct;

    (b)   Present evidence and argument relevant to the factors
enumerated in 18 U.S.C. § 3553(a);

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence
report;

    (e)   Respond to statements made to the Court by or on behalf
of Mr. Young;

    (f)   Advise the Court concerning the nature and extent of Mr.
Young's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Young's
acceptance of responsibility.

16. **VOIDING OF AGREEMENT.**  If either the United States or
Mr. Young violates the terms of this agreement, the other party
will have the right to void this agreement. If the Court refuses
to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT.**  This written agreement
constitutes the entire agreement between the United States and Mr.
Young in this matter.  There are no agreements, understandings or
recommendations as to any other pending or future charges against
Mr. Young in any Court other than the United States District Court

_____
Defendant's
Initials

Timothy J. LaFon
January 18, 2018                    Re: David Wayne Young
Page 9

for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                    MICHAEL B. STUART
                    United States Attorney

By:

                    Jennifer Rada Herrald
                    Assistant United States Attorney

 

_____
                Defendant's
                Initials

Timothy J. LaFon
January 18, 2018                    Re: David Wayne Young
Page 10


I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this ten-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement.  I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been
made to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.

_____          _____
David Wayne Young                         Date Signed
Defendant

_____          _____
Timothy J. LaFon                          Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:17-cr-00083-2

DAVID WAYNE YOUNG

### STIPULATION OF FACTS

The United States and David Wayne Young (hereinafter "Mr. Young") stipulate and agree that the facts comprising the offense of conviction in the twelve-count Superseding Indictment in the Southern District of West Virginia, Criminal No. 2:17-cr-00083-2, and relevant conduct include the following:

From on or about March 19, 2017 through March 21, 2017, Mr. Young communicated with codefendant Misty Dawn Baisden (hereinafter "Baisden") via the Kik Messenger on his cell phone. On March 19, 2017, Mr. Young solicited Victim 1, a minor, through communications with Baisden, to engage in commercial sexual activity. During these conversations, Mr. Young was located at or near Ashland, Boyd County, Kentucky. Baisden was located at or near Delbarton, Mingo County, West Virginia, and within the Southern District of West Virginia.

Specifically, during their conversation on March 19, 2017, Mr. Young initially discussed purchasing nude pictures of Victim 1, a 12-year-old female, from Baisden. Young then asked via text message, "What would I need to give you to have her [Victim 1]" and "What would I have to give to pop her Cherry," which refers to the act of having sexual intercourse with a female virgin. He then described in graphic detail sexual activity, including vaginal intercourse, that he would like to engage in with Victim 1. Later, on March 21, 2017, Mr. Young sent a message to Baisden again soliciting commercial sex with Victim 1, stating, "If I brought [Victim 2, a 14-year-old female] down to you would you give me [Victim 1] now at 12."

**PLEA AGREEMENT EXHIBIT A**

Also between March 19, 2017, and March 21, 2017, Mr. Young and Baisden frequently discussed exchanging money, items, or other things of value in exchange for sexually explicit photographs. This included conversations beginning on March 19, 2017, during which Mr. Young and Baisden discussed Baisden taking photographs and videos of Victim 1 engaged in sexually explicit conduct to send to Young in exchange for money and other items.

For example, on March 19, 2017, the following Kik message exchange took place between Baisden and Mr. Young:

> Mr. Young:      *You going to send me naked pics of her [Victim 1]*
>
> Baisden:        *They are worth lots more*
>
> Mr. Young:      *If there naked pics I agree*
>
> Baisden:        *Got to get haft up front*

Later that same day, Mr. Young sent Baisden a video of an adult female engaged in sexually explicit conduct, and then told Baisden "Have [Victim 1] do that." He followed up shortly thereafter to ask if Baisden would be sending him a video of Victim 1 engaging in the same sexually explicit conduct depicted in the video he had sent.

Mr. Young and Baisden also discussed various grooming techniques that would help entice and prepare Victim 1 to engage in sexual activity, including having Victim 1 watch Mr. Young and Baisden having sex and teaching Victim 1 to masturbate. Mr. Young also sent Baisden a picture of his genitals and told her to show the picture to Victim 1.

Beginning on March 20, 2017, Mr. Young and Baisden began to discuss the possibility of Baisden engaging in sexual activity with Victim 2. Ms. Baisden asked if Young would help to arrange for her to engage in sexual activity with Victim 2, and he agreed.

During the conversations between March 19, 2017, and March 21, 2017, Mr. Young sent at least one image of child pornography and one video of child pornography sent via cell phone to Baisden.

**PLEA AGREEMENT EXHIBIT A**
2

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____          1-18-18
DAVID WAYNE YOUNG                         Date
Defendant

_____          1/18/18
TIMOTHY J. LAFON                          Date
Counsel for Defendant

_____          1-30-18
JENNIFER RADA HERRALD                     Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**